S IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ONSCREEN DYNAMICS, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>EMBROSS NORTH AMERICA, LTD.<br><br>      Defendant. | Civil Action No. 6:20-cv-874<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Onscreen Dynamics, LLC ("Onscreen" or "Plaintiff"), for its Complaint against Defendant EMBROSS North America, Ltd. ("Embross" or "Defendant"), alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2. Plaintiff is a limited liability company organized under the laws of the State of Delaware with a place of business at 717 N. Union Street, Wilmington, DE, 19805.

3. Upon information and belief, Embross is a corporation organized and existing under the laws of Canada, with a principal place of business located at 25 Sims Crescent, Richmond Hill, ON L4B 1K9, Canada. Upon information and belief, Embross sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

7. Venue is proper as to Embross in this judicial district under 28 U.S.C. §1391(c)(3). On information and belief, Embross does not reside in the United States and may be sued in any judicial district.

8. On information and belief, Defendant is subject to this Court's general and specific personal jurisdiction because Defendant has sufficient minimum contacts within the State of Texas and this District, pursuant to due process and/or the Texas Long Arm Statute because Defendant purposefully availed itself of the privileges of conducting business in the State of Texas and in this District, because Defendant regularly conducts and solicits business within the State of Texas and within this District, and because Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Texas and this District.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,395,917

9. The allegations set forth in the foregoing paragraphs 1 through 8 are incorporated into this First Claim for Relief.

10. On July 19, 2016, U.S. Patent No. 9,395,917 ("the '917 patent"), entitled "Electronic Display with a Virtual Bezel," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '917 patent is attached as Exhibit A.

11. The inventions of the '917 patent resolve technical problems related to how to prevent unintended registering of touching of a touchscreen electronic display, and thereby avoid unintended actions. Those problems also included placing components and controls, for example a camera, a speaker, or sensors to avoid obstruction of the content on the touchscreen display. Those problems further included increasing or maximizing display area while providing functionality of a physical bezel. *See, e.g.*, '917 patent at col. 1, ll. 21–59.

12. The technological improvements described and claimed in the '917 patent were not conventional or generic at the time of their invention, but rather required novel and non-obvious solutions to problems and shortcomings in the art at the time. *See, e.g.,* '917 patent at col. 1, l. 21–col. 9, l. 41. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

13. The inventions claimed in the '917 patent cover more than just the performance of well-understood, routine or conventional activities known in the art. *See, e.g.,* '917 patent at col. 1, l. 21–col. 9, l. 41. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

14. The '917 patent claims inventions that provide technological solutions to technological problems. The written description of the '917 patent describes in technical detail each of the elements of the claims, including a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

15. Each of the claims of the '917 patent capture the improvements described and illustrated in the specification. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

16. The written description describes each of the elements such that persons of ordinary skill in the art understand what the claims and their elements cover and how the non-conventional and non-generic combination of claim elements differ markedly from and improved upon the art. *See, e.g.,* '917 patent at col. 1, l. 21–col. 9, l. 41. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

17. Technology leaders including Microsoft Technology Licensing LLC, Amazon Technologies, Inc., Samsung Electronics Co., Ltd., and the USPTO have cited the '917 patent as a reference over 20 times. *See* https://patents.google.com/patent/US9395917B2/en (last accessed September 8, 2020); 37 CFR 1.104, Nature of Examination ("the examiner must cite the best references at his or her command.").

18. Viewed in light of the specification of the '917 Patent, the claims are not directed to basic tools of scientific and technological work, nor are they directed to a fundamental economic practice. *See, e.g.,* '917 patent at col. 1, l. 21–col. 12, l. 21. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

19. The claims of the '917 patent are not directed to the use of an abstract mathematical formula. *See, e.g.,* '917 Patent at col. 1, l. 21–col. 12, l. 21. For example, claim 1 of the '917 Patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

20. The claims of the '917 patent are not directed to the use of a general-purpose computer. *See, e.g.,* '917 patent at col. 1, l. 21–col. 12, l. 21. For example, claim 1 of the '917 Patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

21. The claims of the '917 patent are not directed to implementation of a mathematical formula. *See, e.g.,* '917 patent at col. 1, l. 21–col. 12, l. 21. For example, claim 1 of the '917 Patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs. Moreover, the prior art includes touch screen displays, yet the claims of the '917 patent were deemed novel and non-obvious, demonstrating (among other reasons) the non-conventionality of the technology described and claimed in the '917 Patent.

22. The claims of the '917 patent are not directed to generalized steps to be performed on a computer using conventional activity. *See, e.g.,* '917 patent at col. 1, l. 21–col. 12, l. 21. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

23. The claims of the '917 patent are not directed to a method of organizing human activity or to a fundamental economic practice long prevalent in our system of commerce. *See, e.g.,* '917 patent at col. 1, l. 21–col. 12, l. 21. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

24. The claims of the '917 patent do not take a well-known or established business method or process and apply it to, or using, a general-purpose computer. *See, e.g.,* '917 patent at col. 1, l. 21–col. 12, l. 21. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

25. The claims of the '917 patent do not preempt the field of their inventions or preclude the use of other methods and systems because the claims recite specific elements that include more than the performance of well-understood, routine, and conventional activities previously known to the art. *See, e.g.,* '917 patent at col. 1, l. 21–col. 12, l. 21. For example, claim 1 of the '917 Patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

26. Plaintiff is the assignee and owner of the right, title and interest in and to the '917 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

27. Upon information and belief, Defendant has and continues to directly infringe at least claims 1-3 of the '917 patent by making, using, selling, importing and/or providing and

causing to be used electronic devices with touchscreen capabilities, including the use of a virtual bezel (the "Accused Instrumentalities").

28. The Accused Instrumentalities identified above are examples that were identified based on publicly available information. Plaintiff reserves its right to identify additional infringing activities, products, and services, including, for example, on the basis of information obtained during discovery and as Defendant introduces new infringing devices through the end of trial.

29. The Accused Instrumentalities include a display screen having a virtual bezel suitable for use as part of an electronic device where the display screen includes: (a) a virtual bezel area, having a touchscreen layer with a first mode of response to a first set of touch-based inputs from a user of the display screen, the virtual bezel area functioning to display a first portion of content on the display screen; (b) an active touchscreen region substantially disposed within the virtual bezel area, the active touchscreen region having a touchscreen layer with a second mode of response to the first set of touch-based inputs from the user of the display screen, the active touchscreen region functioning to display a second portion of the content on the display screen; and (c) a gestural software application in communication with the display screen having a virtual bezel, the gestural software application functioning to produce the first mode of response in the virtual bezel area, wherein the first mode of response is configured to selectively interpret touch- based inputs as intentional user input intended to affect the display of the second portion of the content on the active touchscreen region.  *See* attached claim chart for the '917 patent, Exhibit C.  *See also*:

- https://www.embross.com/kiosks/ (last accessed September 8, 2020);

- https://www.embross.com/kiosks/v1_kiosk (last accessed September 8, 2020);

- https://www.embross.com/kiosks/check-in-application (last accessed September 8, 2020);

- https://www.youtube.com/watch?v=A6_MYdH_GYg (last accessed September 8, 2020); and

- https://www.embross.com/kiosks/cuss/ (last accessed September 8, 2020).

30. On information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for each of Defendant's partners, clients, customers, and end users across the country and in this District.

31. Defendant was made aware of the '917 patent and its infringement thereof at least as early as the filing of this Complaint.

32. Upon information and belief, since at least the time Defendant received notice, Defendant has induced and continues to induce others to infringe at least one claim of the '917 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to each of Defendant's partners, clients, customers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '917 patent.

33. In particular, Defendant's actions that aid and abet others such as its partners, customers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities. On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement

because Defendant has had actual knowledge of the '917 patent and knowledge that its acts were inducing infringement of the '917 patent since at least the date of this Complaint that such activities infringed the '917 patent.

34. Upon information and belief, Defendant is liable as a contributory infringer of the '917 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States computerized platforms to be especially made or adapted for use in an infringement of the '917 patent. The Accused Instrumentalities are a material component for use in practicing the '917 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

35. Since at least the filing of this Complaint, Defendant's infringement has been willful.

36. Plaintiff has been harmed by Defendant's infringing activities.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 9,645,663

37. The allegations set forth in the foregoing paragraphs 9 through 36 are incorporated into this Second Claim for Relief.

38. On May 9, 2017, U.S. Patent No. 9,645,663 ("the '663 patent"), entitled "Electronic Display with a Virtual Bezel," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '663 patent is attached as Exhibit B.

39. The inventions of the '663 patent resolve technical problems related to how to prevent unintended registering of touching of a touchscreen electronic display, and thereby avoiding unintended actions. Those problem also included placing components and controls, for example a camera, a speaker, or sensors to avoid obstruction of the content on the touchscreen

display. Those problems further included increasing or maximizing display area while providing functionality of a physical bezel. *See, e.g.,* '663 patent at col. 1, ll. 21–59.

40. The technological improvements described and claimed in the '663 patent were not conventional or generic at the time of their invention, but rather required novel and non-obvious solutions to problems and shortcomings in the art at the time. *See, e.g.*, '663 patent at col. 1, l. 21–col. 9, l. 41. For example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs. Moreover, the prior art includes touch screen displays, yet the claims of the '663 patent were deemed novel and non-obvious, demonstrating (among other reasons) the non-conventionality of the technology described and claimed in the '663 Patent.

41. The inventions claimed in the '663 patent cover more than just the performance of well-understood, routine, or conventional activities known in the art. *See, e.g.*, '663 patent at col. 1, l. 21–col. 9, l. 41. For example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

42. The '663 patent claims inventions that provide technological solutions to technological problems. The written description of the '663 patent describes in technical detail each of the elements of the claims, including a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

43. The written description describes the elements of the claims such that persons of ordinary skill in the art understand what the claims cover and how the non-conventional and non-

generic combination of claim elements differ markedly from and improved upon the art. *See, e.g.,* '663 patent at col. 1, l. 21–col. 9, l. 41.

44. Technology leaders including Microsoft Technology Licensing LLC, Amazon Technologies, Inc., Samsung Electronics Co., Ltd., and the USPTO have cited the '663 patent family over 20 times. *See* https://patents.google.com/patent/US9645663B2/en (last accessed August 7, 2020); 37 CFR 1.104, Nature of Examination ("the examiner must cite the best references at his or her command.").

45. Viewed in light of the specification of the '663 patent, the claims are not directed to basic tools of scientific and technological work, nor are they directed to a fundamental economic practice. *See, e.g.,* '663 patent at col. 1, l. 21–col. 12, l. 44. For example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

46. The claims of the '663 patent are not directed to the use of an abstract mathematical formula. *See, e.g.,* '663 patent at col. 1, l. 21–col. 12, l. 44. For example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

47. The claims of the '663 patent are not directed to the use of a general-purpose computer. *See, e.g.*, '663 Patent at col. 1, l. 21–col. 12, l. 44. For example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

48. The claims of the '663 patent are not directed to implementation of a mathematical formula. *See, e.g.,* '663 patent at col. 1, l. 21–col. 12, l. 44. For example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

49. The claims of the '663 patent are not directed to generalized steps to be performed on a computer using conventional activity. *See, e.g.,* '663 patent at col. 1, l. 21–col. 12, l. 44. For example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

50. The claims of the '663 patent are not directed to a method of organizing human activity or to a fundamental economic practice long prevalent in our system of commerce. *See, e.g.,* '663 patent at col. 1, l. 21–col. 12, l. 44. For example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

51. The claims of the '663 patent do not take a well-known or established business method or process and apply it to, or using, a general-purpose computer. *See, e.g.,* '663 patent at col. 1, l. 21–col. 12, l. 44. For example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

52. The claims of the '663 patent do not preempt the field of their inventions or preclude the use of other methods and systems because the claims recite specific elements that include more than the performance of well-understood, routine, and conventional activities

previously known to the art. *See, e.g.,* '663 patent at col. 1, l. 21–col. 12, l. 44. For example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

53. The claims of the '663 patent capture the improvements described and illustrated in the specification. For example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

54. Plaintiff is the assignee and owner of the right, title and interest in and to the '663 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

55. Upon information and belief, Defendant has and continues to directly infringe at least claims 1 and 2 of the '663 patent by making, using, selling, importing and/or providing and causing to be used display systems for electronic devices with touchscreen capabilities, including the use of a virtual bezel (the "Accused Instrumentalities").

56. The Accused Instrumentalities identified above are examples that were identified based on publicly available information. Plaintiff reserves its right to identify additional infringing activities, products, and services, including, for example, on the basis of information obtained during discovery and as Defendant introduces new infringing devices through the end of trial.

57. The Accused Instrumentalities include a display system for an electronic device comprising: (a) a touch-sensitive display screen configured to display content to a user of the electronic device; (b) an active touchscreen region of the display screen having a touchscreen

layer with a first mode of response to a first set of touch-based inputs from the user of the electronic device, the active touchscreen region configured to display a first portion of the content on the display screen; and (c) a virtual bezel region along one or more edges of the display screen and adjacent to the active touchscreen region, the virtual bezel region having a touchscreen layer with a second mode of response to a second set of touch-based inputs from a user of the electronic device, the virtual bezel region configured to display a second portion of the content on the display screen; and (d) non-transitory memory storing a gestural software application in communication with the display screen, the gestural software application configured to produce the second mode of response in the virtual bezel region, wherein the second mode of response is configured to selectively interpret touch-based inputs as intentional user input intended to affect the display of the first portion of the content on the active touchscreen region of the display screen.. *See* claim chart, Exhibit D. *See also*:

- https://www.embross.com/kiosks/ (last accessed September 8, 2020);

- https://www.embross.com/kiosks/v1_kiosk (last accessed September 8, 2020);

- https://www.embross.com/kiosks/check-in-application (last accessed September 8, 2020);

- https://www.youtube.com/watch?v=A6_MYdH_GYg (last accessed September 8, 2020); and

- https://www.embross.com/kiosks/cuss/ (last accessed September 8, 2020).

58. On information and belief, these Accused Instrumentalities are used marketed, provided to, and/or used by or for each of Defendant's partners, clients, customers, and end users across the country and in this District.

59. Defendant was made aware of the '663 patent and its infringement thereof at least as early as the filing of this Complaint.

60. Upon information and belief, since at least the time Defendant received notice, Defendant has induced and continues to induce others to infringe at least one claim of the '663 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to each of Defendant's partners, clients, customers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '663 patent.

61. In particular, Defendant's actions that aid and abet others such as its partners, customers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.  On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '663 patent and knowledge that its acts were inducing infringement of the '663 patent since at least the date of this Complaint that such activities infringed the '663 patent.

62. Since at least the filing of this Complaint, Defendant's infringement has been willful.

63. Plaintiff has been harmed by Defendant's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendant as follows:

      A.      An adjudication that Defendant has infringed the '917 patent and the '633 patent;

      B.      An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '917 patent and the '633 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

      C.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

      D.      An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Dated: September 25, 2020                  Respectfully submitted,

                                                      */s/ James M. Lennon*
                                                      DEVLIN LAW FIRM LLC
                                                      James M. Lennon (DE Bar No. 4570)
                                                      jlennon@devlinlawfirm.com
                                                      Timothy Devlin (*pro hac vice* to be filed)
                                                      tdevlin@devlinlawfirm.com
                                                      Derek Dahlgren (*pro hac vice* to be filed)
                                                      ddahlgren@devlinlawfirm.com
                                                      Cory Edward (*pro hac vice* to be filed)
                                                      cedwards@devlinlawfirm.com
                                                      1526 Gilpin Avenue
                                                      Wilmington, Delaware 19806
                                                      Telephone: (302) 449-9010
                                                      Facsimile: (302) 353-4251

                                                      *Attorneys for Plaintiff*
                                                      *Onscreen Dynamics, LLC*